THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ELISEO E. COLÓN, Defendant and Appellant.

No. 6365. Argued April 27, 1937.—Decided April 30, 1937.

*Manuel A. Rivera* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

In this case a complaint was filed against Eliseo E. Colón charging him with carrying a prohibited weapon. After the case was heard on appeal before the District Court of Ponce, the defendant was found guilty and sentenced to thirty days in jail. Feeling aggrieved by that judgment, he took an appeal therefrom and has assigned three errors as committed by the lower court.

█ By the first assignment it is contended that the court intervened directly with the witnesses, with marked prejudice, depriving the defendant of a fair trial. It is true that the court examined somewhat extensively the witnesses Florencio Cruz, Agustín Hernández, and José Colón, who had testified before the municipal judge, the latter taking in writing their testimony. The district judge, in view of the testimony taken by the municipal judge, and of an evident conflict between the statements made immediately after the commission of the offense charged and the testimony given at the trial on appeal, examined these witnesses, reminding them that they were testifying under oath and pointing out the conflict in their testimony. The defendant in his brief says that at the conclusion of the examination of said individuals by the judge, the latter ordered their arrest to answer for a charge of contempt.

Section 1 of Act No. 41 approved March 9, 1911 (Comp. Stat. 1911, secs. 5527–5530), to provide a summary punishment for perjury committed in open court, says that if the judge shall be satisfied, in any case pending in his court, that a witness, after taking the oath, or after having affirmed, as prescribed by statute, to testify truly in any matter pending in the court, is guilty of perjury as defined in the law, then it shall be the duty of the judge so trying the case, on his own motion, to cause the arrest and detention of the party so offending, and he shall issue an order, to be served on the offending party to appear and show cause why he should not be punished for contempt of court. This act imposes a duty on

the judge, and when, in order to comply therewith, to settle the facts and clear his conscience as to the testimony of the witness it becomes necessary to examine him, we do not think that the judge thereby commits any error provided he acts with moderation and does not prejudice the rights of the defendant.

We have read the questions asked by the judge, and we do not think that he exceeded his powers. The citations made by counsel refer to cases where the conduct of the court may cause an erroneous impression on the jury. The present case is one which was tried by the same judge who examined the witnesses. The error assigned is nonexistent.

██ In the last two assignments of error it is urged that the court decided the question of a reasonable doubt in favor of the People of Puerto Rico and not in favor of the defendant, and that it erred in entering a judgment of conviction.

The court declared in its judgment that the evidence for the People deserved full credit, especially the testimony of the witnesses Jesús María Castro and Jesús Malavé, which was corroborated in part by the rest of the evidence for the prosecution. The second of said witnesses testified that the defendant fired two shots, one at Jesús María Castro and another at Feyo Irlanda; that he did not know whether the weapon was a revolver or a pistol, but that he fired two shots.

Jesús María Castro stated that he saw that the defendant had a revolver and that he fired twice, and wounded Rafael Irlanda in a leg.

Manuel Pizarro, Chief of Police of Orocovis, testified that he did not seize any weapon, that he did not see the occurrence, but that he asked the defendant what was going on, because someone shouted that they were going to fire from the street into the police headquarters, and that then he confessed that he was going to be assaulted and he had to use a revolver.

Narciso Miranda, an insular policeman, testified that he took the defendant to the police station before the district chief; that immediately he seized his hand and it smelled of powder.

It was by reason of such evidence that the judge of the lower court rendered his judgment. It does not appear from the record that he had any doubt regarding the guilt of the defendant. The lower court did not commit the errors assigned.

The judgment appealed from must be affirmed.